Douglas ASHBY, Plaintiff—Appellant,

and

Grant Wenzlick; et al., Plaintiffs,

v.

FARMERS INSURANCE COMPANY OF OREGON, Defendant—Appellee.

No. 04–35394.

D.C. No. CV–01–01446–AJB.

United States Court of Appeals, Ninth Circuit.

Submitted on briefs March 8, 2005.*

Decided Aug. 4, 2005.

Charles A. Ringo, Beaverton, OR, N. Robert Stoll, David F. Rees, Stoll Stoll Berne Lokting & Schlachter, PC, Portland, OR, for Plaintiff–Appellant.

Steve D. Larson,Scott A. Shorr, Stoll Stoll Berne Lokting & Schlachter, PC, Portland, OR, for Plaintiff–Appellant and Plaintiffs.

Barnes H. Ellis, James N. Westwood, Stoel Rives, LLP, Portland, OR, for Defendant–Appellee and Defendant.

Stephen A. Redshaw, Stoel Rives, LLP, Portland, OR, for Defendant–Appellee.

Before HUG, REINHARDT, and BYBEE, Circuit Judges.

MEMORANDUM**

Plaintiffs appeal from the district court's grant of summary judgment. Relying on its previous decision in *Mark v. Valley Insurance Co.*, 275 F.Supp.2d 1307, 1317 (D.Or.2003), the district court held that, under the Fair Credit Reporting Act, there can be no "increase in any charge" if the policy is an initial policy and the rate is

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the first rate charged to the consumer. It also held that no adverse action occurs if the insurance company renews a policy at the same rate it previously charged the consumer. In light of *Edo v. GEICO Casualty Co.*, No. 04–35279, we overrule these holdings and reverse and remand for proceedings consistent with that opinion.

**REVERSED AND REMANDED**